Peck, J.
delivered the opinion of the court.
The question in this case turns upon the construction the court shall give to the act of 1817, ch. 119, sec. 1, which provides, “that when any injunction shall be obtained to stay the collection of money on a judgment, and the same shall be dissolved on motion or on the final hearing of the cause, it shall be the duty of the clerk of *30 the court in which the injunction shall be dissolved or nnai decree made, to enter up judgment against the party obtaining the same and his securities, for the amount of the principal, interest and costs, and execution shall issue as in other cases.”
What is the dissolution of the injunction spoken of in the act, which will authorise the judgment? It is argued, and we think correctly, that it is not such dissolution as would follow upon an abatement by the death of the complainant. To understand the act we must look to the practice in our courts of chancery. A motion to dissolve is usually made on the coming in of the answer; it is useless to enquire whether such a motion was made or not; it is sufficient for the determination of this cause, to say, that the act in question being in derogation of the common law in allowing a summary mode of proceeding against one not directly a party to the suit, must be taken with reasonable strictness. It is the policy of our laws in relation to securities, that if possible the principal shall be first reached, and that where judgment is given against a security, he shall have his remedy over instanter against his principal. In the case before us, the remedy cannot be had because of the death of the principal, and no representative of his before the court.
Again: the judgment in this summary way should be as broad as the act which allows it against “the party obtaining the injunction and his securities.” A departure from the act to the extent insisted on, is too glaring to the prejudice of the security, to be tolerated. But other reasons why it is not allowable results from the connection this act has with the act of the same session, (ch. 199, sec. 3,) which allows a scire facias in such a case. Process to call in the party, to allow him a day in court, and such defence as the law of his case justifies, are reasonable in the administration of justice; the provision in favor of it cannot be disregarded. Take the acts in pari materia, which may well be done, seeing they are on the *31 same subject and nearly of the same date, and conclusive reasons present themselves that a construction beyond what the first act imports by its language, cannot be allowed.
The complainant, having had no notice of the intended motion, and the act not covering the case in the form assumed, makes the judgment void. The defence, therefore, was proper, and the case made out justified the decree of the circuit judge.
Decree affirmed.